IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>DANIEL FRED ALSTON, )<br>)<br>Defendant. )<br>_____ ) | Criminal No. 2:09-CR-1345-DCN<br><br>**ORDER AND OPINION** |

This matter is before the court on defendant's motion for review/reconsideration of detention order. The government did not file a response in opposition. For the reasons set forth below, the court denies defendant's motion.

## I.  BACKGROUND

On December 8, 2009, a federal grand jury indicted defendant for knowingly, intentionally, and unlawfully possessing with intent to distribute five grams or more of crack cocaine and a quantity of powder cocaine on or about October 10, 2009. On June 15, 2010, defendant appeared before United States Magistrate Judge Robert S. Carr for arraignment. Two days later, Magistrate Judge Carr held a detention hearing pursuant to 18 U.S.C. § 3142(f). At the conclusion of the hearing, Magistrate Judge Carr made the following findings: (1) there was probable cause to believe that defendant committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841, (2) defendant did not rebut the presumption[1] established in the first

---

[1] The rebuttable presumption referred to by Magistrate Judge Carr is found at 18 U.S.C. § 3142(e)(3)(A):

(3) Subject to rebuttal by the person, it shall be presumed that no condition or

1

finding that no condition or combination of conditions would reasonably assure the appearance of the defendant as required and the safety of the community, (3) defendant had two outstanding state charges, one of which arose while he was on bond, and (4) defendant assaulted a police officer and attempted to flee during his arrest.

On October 21, 2010, defendant filed the instant motion for review/reconsideration of Magistrate Judge Carr's detention order pursuant to 18 U.S.C. § 3145(b). Defendant did not provide any factual support for his motion, other than his belief that he is a good candidate for bond, and the government did not file a response in opposition. On November 15, 2010, defendant appeared before the undersigned for a hearing on this motion.

## II.  DISCUSSION

Title 18 U.S.C. § 3145(b) states:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be reviewed promptly.

"When the district court acts on a motion to revoke or amend a magistrate's pretrial

---

combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed—

(A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;

. . . .

detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992) (citation omitted). "Ordinarily, the district court's assessment of testimony will definitively resolve a defendant's entitlement to bail. Moreover, in most cases, a trial court's review of a transcript of proceedings would, either as part of a *de novo* detention hearing, or as part of a review of a detention order under 18 U.S.C. § 3145(b) be sufficient to withstand appellate review." United States v. Williams, 753 F.2d 329, 334 (4th Cir. 1985). "On a motion for revocation or amendment of the detention order, a district court should 'not simply defer to the judgment of the magistrate, but reach its own independent conclusion.'" United States v. Kirkaldy, No. 98-1680, 1999 WL 357847, at *1 (2d Cir. May 26, 1999) (quoting United States v. Leon, 766 F.2d 77, 80 (2d Cir. 1985)).

Title 18 U.S.C. § 3142(g) establishes the factors a judicial officer must consider when determining if detention is appropriate:

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> > (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> >
> > (2) the weight of the evidence against the person;
> >
> > (3) the history and characteristics of the person, including—
> >
> > > (A) the person's character, physical and mental condition,

> family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

In consideration of defendant's motion, the court has reviewed the detention hearing transcript and defendant's pretrial report. The court has also listened to oral argument. Neither defendant nor any other witnesses testified during the hearing on defendant's motion; however, the court has the benefit of having heard extensive testimony related to defendant's October 10, 2009 arrest during a suppression hearing held on September 21, 2010.

At the June 17, 2010 detention hearing, defendant allowed the government to proceed by proffer. The government first summarized the circumstances of defendant's arrest. The car in which he was a passenger was stopped by the City of Charleston Police Department for a traffic violation. During a Terry[2] frisk, the officers discovered a small

---

[2]Terry v. Ohio, 392 U.S. 1 (1968).

cigar box containing marijuana and cocaine in his waistband. After being told he was under arrest, defendant shoved one of the officers and attempted to flee. A struggle ensued, and defendant kicked one officer in the head and shoulder several times. Following his arrest, defendant was released on a $100,000 bond, only to be arrested for other drug-related offenses on December 17, 2009. He was again released on bond, this time in the amount of $50,000.

In the first half of 2010, the government informed both defendant's retained counsel, and later, his state public defender, of the December 8, 2009 federal indictment. At some point after that, defendant called a United States Drug Enforcement Administration (DEA) task force officer, stating that he was aware of the federal indictment. At the time of the phone call, defendant told the task force officer that he was working and would call him again after work. Defendant never called, and he did not initiate any further contact with law enforcement. In June 2010, the United States Marshals Service found and arrested defendant at his bail bondswoman's office.

The government argued that defendant posed a risk of flight due to his criminal history, which includes arrests for failure to stop and resisting arrest. The government also argued that defendant's history of substance abuse should weigh against his pretrial release. In addition, the government stated that defendant's history of violent crimes, including those involving "weapons, drugs and assaults," combined with violations of bond, demonstrate that defendant is a danger to the community. Det. Hrg. Tr. 4, June 17, 2010.

In response, defendant argued that he had "reported faithfully to his bonds[wo]man" since his October 10, 2009 arrest, without incident. Id. at 5. He argued that he has been a "life-long member" of the Charleston community and provides financial support for three children. Id. at 6. Defendant stated that he had a landscaping business and works a second job when possible. He admitted being in arrears in child support for one of his children but stated that he works hard and tries to support his children. He stated that he has no criminal history of failure to appear and that he last used marijuana in late 2008 or early 2009.

Magistrate Judge Carr reviewed defendant's criminal history and questioned the financial motivations of defendant's bail bondswoman in issuing the bonds in October and December 2009. Magistrate Judge Carr also requested that the government present additional details concerning defendant's October 10, 2009 arrest, and the government complied. At the conclusion of the hearing, Magistrate Judge Carr detained defendant,

> based not only upon his record, and the fact that a warrant has been out for him for so long while he was on bond and he hadn't complied with bond in the past, but primarily because of his assault on a police officer. That's not someone I can trust to be out, and it certainly indicates to me a risk of flight and danger to the community.

Id. at 13-14.

Defendant's pretrial report, prepared by the United States Probation Office (USPO) on June 15, 2010, provides the following information. Defendant is thirty-seven years of age, lives with his retired parents in Charleston, and has five siblings. He has three children by three different women and is currently in arrears in child support for one child. He told the interviewing United States Probation Officer that he suffers from acid

reflux, but he has never experienced any mental or emotional health problems. Defendant drinks alcohol occasionally, and, while he had used drugs regularly, he stated that he last used marijuana in 2008. He was expelled from St. Andrews High School in the ninth grade for allegedly threatening a teacher; however, he earned a high school diploma from Christian Correspondence School in 2006. He also has a Level 1 Heavy Equipment Operator Certificate from the Georgia School of Construction. Defendant claims to have been self-employed as a landscaper since he was twelve years old. He has also held a variety of short-term jobs at a grocery store, pizza restaurant, and as a laborer at Ott's Construction.

In addition, defendant's pretrial report shows that he has an extensive criminal history. He was charged with assault at the age of fifteen after he stabbed someone in defense of his brother. He stated that he was later acquitted of the charge. He was arrested as an adult on numerous occasions between 1993 and 2010. He has been arrested for, and convicted of, carrying a concealed weapon, failure to stop for a blue light, resisting arrest, and multiple incidents of drug possession and manufacturing. His criminal history also reflects arrests with no corresponding dispositions, or non-convictions, for criminal domestic violence, manufacture and distribution of drugs, and assault and battery of a high and aggravated nature (ABHAN), among other offenses. Not surprisingly, after considering all of the information above, the USPO recommended that defendant be detained pending the disposition of his case.

On November 15, 2010, this court held a hearing on defendant's instant motion. As indicated above, no one testified at the hearing. Defendant claimed that he

successfully rebutted the 18 U.S.C. § 3142(e)(3)(A) presumption at his detention hearing and asserted that he was not a risk of flight or a danger to the community.  He reiterated that he has spent his entire life in Charleston, reported faithfully to his bail bondswoman, has a long employment history, does not have any current drug use issues, has no history of failure to appear, and has three children to support.  Defendant also asserted that the December 17, 2009 charges have been dismissed, presenting a change of circumstances in his favor.  Defendant submitted letters from two friends and a landscaping client for consideration by the court.  Defendant offered to submit to electronic monitoring or house arrest if released on bond.  The government notified the court that it filed a notice of enhanced penalty pursuant to 21 U.S.C. § 851 based on defendant's six prior convictions for drug-related offenses.  The government further stated that defendant should remain detained based on the existence of the rebuttable presumption in defendant's case, his actions in striking a police officer and attempting to flee during his October 10, 2009 arrest, and his failure to abide by the conditions set by other courts.

      Despite the fact that neither defendant nor any other witnesses testified at the motion hearing, on September 21, 2010, this court heard detailed testimony regarding defendant's conduct during the traffic stop which led to his federal arrest, along with defendant's assault on the arresting officers and his attempt to flee.  <u>See</u> October 25, 2010 Order.  The undersigned agrees with the magistrate judge's determination that defendant should be detained.  Defendant has an extensive criminal history, including multiple drug convictions and arrests for violent crimes.  He has a history of substance abuse and has shown a willingness to violate conditions of bond.  In the instant case, defendant was

found in possession of a significant quantity of drugs. He resisted arrest by attempting to flee and repeatedly kicking a police officer in the head and shoulders and is facing a minium mandatory sentence of ten years in prison. In the opinion of the court, all of these factors easily outweigh the personal characteristics and considerations offered by defendant in support of his release on bond.

### III.  CONCLUSION

For the reasons set forth above, the court **DENIES** defendant's motion for review/reconsideration of detention order.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**February 9, 2011**
**Charleston, South Carolina**